CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
APR 17 2009
JOHN F. CORCORAN, CLERK
BY: /s/ M. Hud
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LINWOOD EARL CHANDLER,<br>    Plaintiff, | Civil Action No. 7:09-cv-00043 |
| v. | **MEMORANDUM OPINION** |
| C/O B. DUNFORD,<br>    Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Linwood Earl Chandler, a Virginia inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Chandler names a correctional officer at the Pocahontas State Correctional Center ("PSCC") as the defendant and alleges that the defendant did not return Chandler's property. The case is presently before me for screening. After reviewing the record, I deny Chandler's motion to amend the complaint and dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Chandler alleges the following facts in his complaint. Chandler was incarcerated at the Southampton Correctional Center when Governor Tim Kaine ordered its closure. Two correctional officers packed Chandler's personal possessions into two boxes. (Compl. 4.) The officers told Chandler that the Virginia Department of Corrections' ("VDOC") policy allows only two boxes of possessions to be forwarded to the inmate's next housing assignment for free but extra boxes could be shipped home or the inmate could pay the costs of shipping the boxes to his next housing assignment. (Id.)

The VDOC transferred Chandler to the PSCC, and he received both boxes. The VDOC notified Chandler that he would be transferred again, and the defendant and another correctional officer packed Chandler's possessions into two boxes. (Id. at 5.) Chandler arrived at Greensville

Correctional Center on November 19, 2008, and received only one of the boxes. Chandler submitted a grievance about his missing box and was told that the second box had not arrived. Chandler seeks an injunction compelling the recovery of his property and compensation for the unnecessary hardship, time, and labor he experienced as a result.

The court conditionally filed the complaint, advising Chandler that he failed to state a claim upon which relief may be granted and granting him the opportunity to amend his complaint. In his motion for an extension of time to comply with the conditional filing order, Chandler admitted that "the property officers here gave [Chandler] the second box of property that he has been trying to obtain." (Pl.'s Resp. (docket #8) 7.)

Chandler timely filed his motion to amend which names all new defendants and raises new claims about dental care provided by the VDOC. Chandler alleges that the VDOC delayed making his partial dentures and he subsequently experienced pain from poorly digested food. (Mot. Am. 6-7.) Chandler also complains that he was not promptly given a lower-bunk pass because of his poor health. (Id. at 26-29.) Chandler asks me to order the VDOC to make Chandler's dentures within the next ninety days and award him $150,000. (Id. at 36.)

II.

A.

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course before being served with a responsive pleading. However, the amendment must "assert a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "Congress intended Rule 15(c) to be used for a relatively narrow purpose; it did not intend for the rule to be

2

so broad to allow an amended pleading to add an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003).

Chandler clearly attempts to use his current civil action filed for an alleged deprivation of personal property against a correctional officer to advance a civil suit against medical and supervisory officials for allegedly inadequate medical care. None of the claims or defendants discussed in the motion to amend bear any relation to the claim first presented in the complaint. Therefore, Chandler's amendment does not arise from the conduct or occurrence set out in the original pleading. Accordingly, I deny Chandler's motion to amend.[1] I proceed to discuss the merits of Chandler's complaint because the time to amend the complaint pursuant to the conditional filing order has expired.

B.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d

---

[1] Chandler may proceed with his inadequate medical care claims by filing a separate civil action.

3

Case 7:09-cv-00043-JLK-mfu   Document 16   Filed 04/17/09   Page 3 of 4   Pageid#: 121

1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Chandler fails to state a claim for deprivation of property because he admits that he has the missing box filled with his possessions. Chandler's requests for injunctive relief are moot because he possesses the property. Chandler also fails to establish how the time he did not have the box gives rise to any constitutional claim. See Daniels v. Williams, 474 U.S. 327 (1986) (stating mere negligence by prison officials does not state any claim of constitutional significance). Accordingly, I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

### III.

For the foregoing reasons, I deny Chandler's motion to amend his complaint and motion for injunctive relief, and I dismiss the complaint for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 17th day of April, 2009.

*Jackson L. Kiser*
Senior United States District Judge